RECEIVED
IN MONROE, LA

JAN 0 3 2007

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| REBECCA B. KILCREASE, ET AL. | CIVIL ACTION NO. 06-0365 |
| VS. | JUDGE ROBERT G. JAMES |
| BARNHILLS BUFFET, INC. | MAG. JUDGE KAREN L. HAYES |

RULING

Rebecca B. Kilcrease ("Mrs. Kilcrease") and Ronnie L. Kilcrease ("Mr. Kilcrease") brought a personal injury suit under La. R.S. § 9:2800.6 against Barnhills Buffet, Inc. ("Barnhills"). Mrs. Kilcrease alleges that she slipped and fell on the wet floor of a Barnhills restaurant as a result of Barnhills' negligent failure to warn her. Mr. Kilcrease alleges that as a result of his wife's injuries, he has suffered emotional distress and loss of consortium.[1]

Pending before the Court is Barnhills' Motion for Summary Judgment [Doc. No. 24] claiming that Plaintiffs cannot show the wet floor constituted an unreasonable risk of harm or that Barnhills failed to exercise reasonable care. Barnhills also argues that Mr. Kilcrease cannot recover bystander damages because he did not witness his wife's accident and has not suffered "severe and debilitating" emotional distress. Plaintiffs filed an opposition [Doc. No. 43] arguing that Barnhills negligently failed to follow its internal safety procedures and Mr. Kilcrease has missed several days of work and suffered severe emotional distress.

For the following reasons, Barnhills' Motion for Summary Judgment is GRANTED IN

---

[1] Neither party has addressed Mr. Kilcrease's loss of consortium claim.

1

PART AND DENIED IN PART.

I.     FACTS AND PROCEDURAL HISTORY

On February 4, 2005, an unidentified Barnhills patron spilled a tray of drinks onto the floor of a Barnhills restaurant in Monroe, Louisiana. Mrs. Kilcrease was returning to her table from the buffet bar when she turned the corner, slipped on the wet surface, and fell. After she fell, she saw a "wet floor" sign and Keenan Dillard ("Dillard"), a Barnhills server, mopping the spill.

After her fall, Mrs. Kilcrease complained to a cashier about her accident and filled out an accident report with Jennifer Graves ("Graves"), a Barnhills manager. While Mrs. Kilcrease was completing the report, Mr. Kilcrease discovered that his wife had fallen. Mrs. Kilcrease testified that she was in the restaurant approximately twenty (20) minutes after the fall and did not go back to her table.

Barnhills has a uniform clean-up procedure and related safety procedures in place. The floor is periodically mopped with "Stop Slip," a substance that "micro-etches" the tiles and makes the floor less slippery. When a spill occurs, employees are required to immediately place "wet floor" signs around the affected area, promptly mop the spill, and warn customers not to traverse the affected area.

On December 5, 2006, Barnhills filed a Motion for Summary Judgment [Doc. No. 24].

On December 28, 2006, Plaintiffs filed a Memorandum in Support of Plaintiffs' Opposition to Defendant's Motion for Summary Judgment [Doc. No. 47].

## II. LAW AND ANALYSIS

### A. Summary Judgment Standard of Review

Summary judgment is appropriate only when the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, show there are no genuine issues as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the initial burden of informing the court of the basis for its motion by identifying portions of the record which highlight the absence of genuine issues of material fact. *Topalian v. Ehrmann*, 954 F.2d 1125, 1132 (5th Cir. 1992). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

If the moving party can meet its initial burden, the burden then shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial. *Norman v. Apache Corp.*, 19 F.3d 1017, 1023 (5th Cir. 1994). To satisfy this burden, "they are required to identify specific evidence in the record, and to articulate the precise manner in which that evidence supports their claim." *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) (internal quotations omitted). In evaluating the evidence tendered by the parties, the court must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255.

### B. Premises Liability

La. R.S. § 9:2800.6 governs negligence claims brought against a merchant for damages

3

arising from a fall due to a condition existing on the merchant's premises.[2] To prevail, the plaintiff has the burden of proving that:

1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.

2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.

3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

La. R.S. § 9:2800.6(B).

### 1. Unreasonable Risk of Harm

Mrs. Kilcrease alleges that the wet floor created an unreasonable risk of harm. She claims that as she turned the corner to return to her table, her view was blocked by several elevated booths, and she did not notice the wet floor. She further alleges that she was not warned about a spill and did not see any "wet floor" signs prior to her fall. After she fell, she claims that she observed a "wet floor" sign that was folded and "leaning against the booth" and not observable from the buffet bar. [Doc. No. 24, Exh. B, p. 30-31].

Barnhills admits that it had actual notice of the spill, but claims that the area of the spill was blocked-off with four "wet floor" signs and mopped within minutes. During the cleaning process, Barnhills alleges that Dillard orally warned Mrs. Kilcrease not to traverse the area and offered an alternative route to return from the buffet bar. Two Barnhills customers, Wilma and

---

[2]Ordinary principles of negligence do not apply because the accident was solely caused by a condition found on the premises, not the result of a specific act on the part of the merchant. *See, e.g., Crooks v. National Union Fire Insurance Co.*, 97-1053, p. 6-7 (La. App. 3 Cir. 6/2/93); 620 So. 2d 421, 424.

4

Harry Harris, testified that they heard Dillard orally warn Mrs. Kilcrease prior to her fall and that two "wet floor" signs were easily observable in the area where the fall occurred. [Doc. No. 24. Exhs. E & F].

"In the context of slip and fall cases, a hazard is shown to exist when the fall results from a foreign substance on the floor or from an otherwise unreasonably slippery condition." *Stockwell v. Great Atlantic & Pacific Tea Company*, 583 So. 2d 1186, 1188 (La. App. 1 Cir. 1991) (citing *Kinchen v. J.C. Penney Co.*, 426 So. 2d 681 (La. App. 1 Cir. 1982)). However, if the "risk of harm is obvious, universally known and easily avoidable, the risk is not unreasonable" and the defendant has no duty to warn or protect against it. *Jennings v. Ryan's Family Steak Houses, East Inc.*, No. 03-1598, 2005 U.S. Dist. LEXIS 32414, *7 (W.D. La. 2005) (citing *Durmon v. Billings*, 38,514-CA (La. App. 2 Cir. 3/12/04); 873 So. 2d 872).

While Barnhills claims that Mrs. Kilcrease ignored an open and obvious hazard, she claims that Barnhills failed to adequately alert her to the spill through an oral warning or clearly displayed warning sign. Because the Court must accept Mrs. Kilcrease's account as credible and draw all justifiable inferences in her favor, the Court finds that Mrs. Kilcrease has raised a genuine issue of material fact whether the spill was open and obvious. *See Jennings*, 2005 U.S. Dist. LEXIS 32414, *7-8 (finding no unreasonable risk of harm where the plaintiff admitted observing the wet floor and warning signs prior to her fall). Therefore, the wet floor presented an unreasonable risk of harm.

### 2. Reasonable Care

Barnhills offered evidence that its employees followed its safety procedure in response to the spill by placing warning signs in the area, mopping the spill, and warning Mrs. Kilcrease.

5

Mrs. Kilcrease claims that prior to her fall, she did not see the spill, Dillard mopping, or the "wet floor" sign. She also claims that Dillard did not warn her and had his back to her as she approached the area of the spill.

Merchants are required to exercise reasonable care "to protect those who enter the store, keep the premises safe from unreasonable risks of harm and warn persons of known dangers." *Ward v. ITT Specialty Risk Services, Inc.*, 31,990, p. 3 (La. App. 2d Cir. 06/16/99); 739 So. 2d 251, 254, *writ denied*, 99-2690 (La. 11/24/99); 750 So. 2d 987. However, "a store is not the insurer of its patrons' safety, nor is it liable every time an accident occurs." *Jennings*, 2005 U.S. Dist. LEXIS 32414, *10 (citing *Burnett v. M & E Food Mart. Inc.*, No. 00-350 (La. App. 3 Cir. 11/15/00); 772 So. 2d 393, *writ denied*, No. 2000-C-3425 (La. 02/16/01); 786 So. 2d 101. Instead, the merchant's duty of care requires that reasonable protective measures are undertaken ". . . in light of the circumstances of each case." *Ward*, 739 So. 2d at 254. "Protective measures established by a merchant, even if, in theory, [are] reasonable to combat a possible hazard inside the merchant's place of business, [they] are of no effect if not properly implemented." *Barton v. Wal-Mart Stores*, 97-801, p. 11 (La. App. 3 Cir. 12/10/97); 704 So. 2d 361, 367; *see also Pollet v. Sears Roebuck & Co.*, No. 00-3654, 2001 U.S. Dist. LEXIS 16321, *10 (E.D. La. 2001).

Barnhills claims that it took reasonable steps to protect its customers by treating the floor with an anti-slipping compound, orally warning its customers about the spill, and placing warning signs around the spill. However, Mrs. Kilcrease has offered contradictory evidence showing that she was not warned and that the warning signs were not clearly displayed. The Court finds that Mrs. Kilcrease has raised a genuine issue of material fact whether Barnhills exercised reasonable care by offering evidence that Barnhills failed to take reasonable steps to

6

protect its customers from the spill.

Therefore, Barnhills' Motion for Summary Judgment is DENIED.

### C. Bystander Damages

Under Article 2315.6, there are four basic requirements to recover damages for mental anguish or emotional distress suffered as a result of another person's injury (also known as *Lejeune* damages):

1) the claimant must have a specifically enumerated relationship with the injured person;

2) the claimant must have viewed an event causing injury to the injured person or have come upon the scene of the event soon thereafter;

3) the harm to the injured person must have been severe enough that one could reasonably expect the observer to suffer serious mental distress; and

4) the claimant must suffer emotional distress that is 'severe, debilitating, and foreseeable.'

*Held v. Aubert*, 2002-CA-1486, p. 6 (La. App. 1 Cir. 5/9/03); 845 So. 2d 625, 631 (quoting *Trahan v. McManus*, 97-1224, p. 8, n.6 (La. 3/2/99); 728 So. 2d 1273, 1278, n.6).

Mr. Kilcrease admits that he did not witness his wife's fall, but claims that he suffered serious emotional distress and missed work as a result of her injuries.

Barnhills argues that Mr. Kilcrease did not learn of the incident until after Mrs. Kilcrease fell. Therefore, he did not "come upon the scene" of Mrs. Kilcrease's accident. Further, Mr. Kilcrease has offered no medical proof of his emotional distress nor undergone counseling or treatment for his alleged emotional injuries.

To recover *Lejeune* damages, the emotional injury must be ". . . directly attributable to the emotional impact of viewing or contemporaneously perceiving the accident and immediate

viewing of the accident victim. Therefore, recovery will not be permitted for emotional distress when the plaintiff is merely informed of the matter after the accident." *Lejeune v. Rayne Branch Hosp.*, 556 So. 2d 559, 570, n. 11 (La. 1990) (quoting *Corso v. Merrill*, 119 N.H. 647, 406 A.2d 300 (1979)). Further, the emotional injury requires that ". . . a reasonable person, normally constituted, would be unable to cope adequately with the mental distress engendered by the circumstances of the case. A non-exhaustive list of serious emotional distress includes neuroses, psychoses, chronic depression, phobia, and shock." *Held*, 845 So. 2d at 633-34 (citing *Norred v. Radisson Hotel Corporation*, 95-0748, p. 6 (La. App. 1 Cir. 12/15/95); 665 So. 2d 753, 756).

Mr. Kilcrease learned of his wife's injuries after the accident occurred. Therefore, Mr. Kilcrease was not contemporaneously aware of the accident. *See, e.g., LeBlanc v. Louque*, 01-CA-318, p. 2 (La. App. 9/25/01); 798 So. 2d 216, 217 (finding no contemporaneous awareness where a wife drove to her husband's place of business and told him about the accident after it occurred). Even if Mr. Kilcrease could show contemporaneous awareness, he has offered no medical testimony or diagnosis regarding his alleged emotional distress. Without such evidence, the Court cannot award damages. *See, e.g., Magee v. Pittman*, 98-CA-1164, p. 28 (La. App. 1 Cir. 5/12/00); 761 So. 2d 731, 752. Moreover, the emotional distress alleged is not sufficient to warrant damages. *See, e.g., Murphy v. K.D. Auger Trucking, Inc.*, 598 So. 2d 443, 453 (La. Ct. App. 1992) (the Court found insufficient evidence to support a finding that the daughter's emotional distress was both "severe and debilitating" where she saw her father immediately after he was hit by an 18-wheel truck).

Therefore, Barnhills' Motion for Summary Judgment is GRANTED.

## III. CONCLUSION

For the reasons set forth in this ruling, Barnhills' Motion for Summary Judgment [Doc. No. 24] is GRANTED IN PART AND DENIED IN PART. Barnhills' Motion for Summary Judgment on Mrs. Kilcrease's premises liability claim is DENIED. Barnhills' Motion for Summary Judgment on Mr. Kilcrease's claim for bystander damages is GRANTED, and this claim is DISMISSED WITH PREJUDICE.

MONROE, LOUISIANA, this 3rd day of January, 2007.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE